A.R., By and Through his next friend, C.R., Plaintiff/Appellant,

v.

Stanley TOPPER, Chief of Police, University City, Respondent/Respondent.

No. 61367.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 12, 1992.

exist at law or in equity for the revocation of any contract." *Id. See also* § 435.350, RSMo 1986.

designated in some manner, so as to become specific as regards the power of identification, such as being in a bag, or package." *Hamilton v. Clark*, 25 Mo.App. 428, 433 (1887). Plaintiff's petition does not specifically identify the requested money. The petition merely demands the return of $1950. The trial court lacked subject matter jurisdiction to decide the case where the petition failed to allege facts to identify a specific item of personal property. *See* § 533.010 RSMo 1986. *Hamilton* appears to be the only Missouri case to have considered the issue. Although the case is over one hundred years old it remains authoritative.

Appeal dismissed.

SMITH, P.J., and AHRENS, J., concur.

Bruntrager & Billings, P.C., Daniel J. Bruntrager, St. Louis, for plaintiff/appellant.

Dennis F. Kay, University City, for respondent/respondent.

KAROHL, Judge.

■ Plaintiff, A.R., by his next friend, C.R., appeals a judgment entered for defendant, Stanley Topper, in an action for replevin of $1950. We find the trial court never acquired jurisdiction. Appeal dismissed.

On February 24, 1990, Officer Wall of the University City Police Department noticed A.R. walking on Leland Avenue. He became suspicious when A.R. began to run. After a foot pursuit, Officer Wall stopped and searched A.R. He found and took from A.R. $1950 and a beeper.

■ Plaintiff's request for money under a replevin theory fails because the petition does not state a cause of action. The law may provide a remedy but it is not on that theory. "Money is not the subject of an action of replevin, unless it be marked, or